### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| U.S. FOODS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>DERRICK S. REED; HORIZONS LLC; HORIZONS BURGERS LLC d/b/a HORIZONS HAMBURGERS PALACE; AND MC J'S, INC. d/b/a REED'S RINGSIDE SPORTS BAR,<br><br>    Defendants. | Case No. 17-CV-02409-JAR-GEB |

## DEFAULT JUDGMENT

Plaintiff U.S. Foods, Inc. brings this suit to recover amounts and reimbursements owed by Defendants Derrick S. Reed, Horizons LLC, Horizons Burgers LLC (d/b/a/ Horizons Hamburgers Palace), and MC J's, Inc. (d/b/a/ Reed's Ringside Sports Bar) pursuant to a contract between the parties under which Plaintiff supplied Defendants with various food and food-related products. Now before the Court is Plaintiff's Amended Motion for Default Judgment (Sum Certain) (Doc. 16). Defendants have failed to appear in this case and to respond to Plaintiff's motion.[1] The Court has thoroughly reviewed Plaintiff's motion and the documentation submitted in support thereof, and is prepared to rule. For the reasons set forth below, Plaintiff's motion is granted, but Plaintiff is not awarded the full relief it seeks.

---

[1] Both Plaintiff and the Court have been mailing pleadings and orders in this case to Defendants at the address where they were served with process. *See* Docs. 3–6. Additionally, the Court has attempted to send its orders to an additional address on file for Defendants. All of the Court's mailings have been returned as unclaimed. *See* Docs. 14–15, 17.

On October 31, 2017, Plaintiff filed a Motion for Default Judgment (Sum Certain)[2] against Defendants, who failed to appear or oppose Plaintiff's motion. A Clerk's Entry of Default against Defendants was filed on November 21, 2017.[3]

In an order dated November 22, 2017,[4] the Court initially agreed with Plaintiff that the contractual amount owed by Defendants would be appropriate for a sum certain entry of default under Fed. R. Civ. P. 55(b)(1), but required Plaintiff to provide supporting documentation for its attorneys' fees and costs in the form of billing records, which Plaintiff filed under seal on December 8, 2017.[5] Upon further consideration, however, the Court determined that Plaintiff's motion for default judgment failed to appropriately document the damages sought. The Court requested, by email to Plaintiff's counsel, that Plaintiff provide documentation to support its calculation of the pro-rated incentive reimbursement amount owed by Defendants, the amount of unpaid invoices, and the interest calculation. The Court stated that after receiving the appropriate supporting documentation, it would conduct a telephonic hearing during which Plaintiff's counsel could further clarify the amounts sought. The Court advised that it expected Plaintiff's counsel to mitigate attorneys' fees associated with compiling the additional supporting documentation and the telephonic hearing.

In a January 8, 2018 email to chambers providing the requested documentation, Plaintiff's counsel indicated that the amounts set forth in Plaintiff's initial motion for default judgment and in the supporting affidavits were inaccurate. The Court therefore denied Plaintiff's motion for default judgment without prejudice in an order dated January 10, 2018, and cautioned

---

[2] Doc. 7.

[3] Doc. 8.

[4] Doc. 9.

[5] Doc. 12.

Plaintiff that any amended motion should be accompanied by the appropriate documentation to support the amounts claimed *as of the date of Plaintiff's original motion for default judgment*.[6] Thus, the Court expected any amended motion to seek an amount no greater than what Plaintiff would have been entitled to had its October 31, 2017 motion for default judgment been accompanied by the appropriate documentation.

In its amended motion, Plaintiff seeks a default judgment in the amount of $193,254.09, which includes: (1) $55,524.70 in amounts past due on invoices; (2) $102,836.57 for a pro-rated incentive reimbursement under the parties' contract; (3) $26,129.62 in pre-judgment interest at a rate of 1.5% per month from April 2017 through February 2018; and (4) $8,763.20 in attorneys' fees and costs through October 30, 2017. Plaintiff also seeks post-judgment interest at a rate of 1.5% per month.

Plaintiff has provided sufficient documentation to support that it is owed a pro-rated incentive reimbursement of $102,836.57. However, although Plaintiff seeks past-due amounts owing of $55,524.70, Plaintiff has submitted invoices sufficient to support only $37,506.79. It appears that Plaintiff has included in the total of invoices past due the amounts of two large checks ($8,000 and $9,875) that Defendant wrote to Plaintiff but that could not be cashed due to insufficient funds.[7] It is unclear which invoices these checks were intended to cover and whether those invoices are among those submitted in support of Plaintiff's amended motion—which would result in the default judgment amount including the same charges twice. Plaintiff's recovery for past-due invoices will therefore be limited to $37,506.79.[8]

---

[6] Doc. 13 at 2.

[7] Doc. 16-2 at 108–110.

[8] This amount includes $50 in fees for checks written without sufficient funds, but excludes $132.16 in undocumented "service fees."

Further, Plaintiff seeks pre-judgment interest at a rate of 1.5% per month, which is the prejudgment interest rate permitted by the parties' contract.[9]  However, Plaintiff seeks prejudgment interest from April 2017 through February 2018, despite the Court having ordered that Plaintiff's recovery would be limited to amounts claimed as of the date of its original motion for default judgment.  That motion was filed on October 31, 2017 and, therefore, Plaintiff is awarded pre-judgment interest at 1.5% per month from April 2017 through October 2017 in the amount of $14,736.05.

Plaintiff has properly limited its request for attorneys' fees and costs to the amount incurred up to October 30, 2017, when counsel completed preparation of Plaintiff's original motion for default judgment.  Plaintiff is therefore awarded $8,763.20 in attorneys' fees and costs pursuant to the terms of the parties' contract.[10]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Default Judgment (Sum Certain) (Doc. 7) is **granted** and Plaintiff is awarded judgment in the total amount of $163,842.61, which consists of a pro-rated incentive reimbursement of $102,836.57, past-due invoices in the amount of $37,506.79, pre-judgment interest of $14,736.05, and attorney's fees and costs of $8,763.20.  Plaintiff is also awarded post-judgment interest at a rate of 1.5% per month.

**IT IS SO ORDERED.**

Dated: April 4, 2018

                                                                               S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] Doc. 1-1 at 4.

[10] *Id.*

4